PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of his vehicle striking a hole while traveling eastbound on U.S. Route 33, near the town of Mason. U.S. Route 33 at this location is a road maintained by respondent in Mason County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The in cident g iving r ise t o t his c laim o ccurred o n J anuary 16, 1999, at approximately 9:30 to 10:00 p.m. On the cold night in question, claimant proceeded from the Parkersburg Mall toward his residence in his 1997 Honda Accord Special Edition on U.S. Route 33 at a speed of about fifty-five miles per hour. This portion of U.S. Route 33 is a twenty two feet, two lane road with double yellow lines indicating the center of the road surface and white lines along the edges of the road surface. As Mr. King drove along the first priority road, he came upon an area of road where he knew there was a two foot irregularity in the pavement, which he had struck on a prior occasion. Mr. King noticed four to five vehicles on the right hand side of the road with their hazard lights flashing and then he slowed the speed of his vehicle to thirty-five miles per hour. Confronted by oncoming traffic, Mr. King was forced to strike the hole in the road surface. The impact burst the vehicle’s tire and bent the wheel rim. After the incident, claimant telephoned the Mason County Fire Department regarding the hole in the road surface. Claimant sustained a loss in the amount of $228.28, for a tire and wheel rim. Since claimant has a deductible feature of $1,000.00 in his motor vehicle insurance policy, he was responsible for the entire loss.
The position of respondent was that it did not have notice of the hole on U.S. Route 33 in Mason County. On the days prior to the incident, respondent’s employees were engaged in snow and ice removal activities. During this time, respondent’s employees had no notice of the hole. While respondent acknowledged that this portion of U.S. Route 33 is notorious for holes, its daily records indicated that almost one ton of cold mix asphalt was used to repair the hole on the same night it was given notice of claimant’s incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice o f the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
The evidence adduced at the March 23, 2000, hearing established that respondent had actual notice of the condition on U.S. Route 33 in Mason County. Respondent was well aware that winter weather conditions contribute to the failure of patching material in this area and failed to take reasonable measures to assure the safety of motorists on U.S. Route 33 in Mason County. A Mason County 911 *188 Center audio tape of the night in question, adduced by claimant, established that U.S. Route 33 w as in a s tate o f disrepair and asar esult a 11 east n ine o ther v ehicles sustained damage. Notwithstanding the negligence of respondent, the Court is also of the opinion that claimant was negligent in his operation of the vehicle. Claimant was aware of the hole in question and had struck it on a prior occasion. In a comparative negligence jurisdiction, such as West Virginia, the negligence of a claimant can reduce or bar recovery of a claim. Based on the above, the Court finds that the negligence of claimant was responsible for one-third of his loss. Since the negligence of claimant is not greater than or equal to the negligence of respondent, claimant may recover two-thirds of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make a reduced award in this claim.
Award of $152.03.